HEARD APRIL TERM, 1878.

## HINSON *vs.* CATOE.

A motion for a new trial on the minutes must be heard at the term at which the trial was had; it cannot be heard at a term held two years afterwards.

Facts which were within the knowledge of a party at the time of the trial cannot be made the foundation of a motion for a new trial on the ground of after-discovered evidence, though he was unable to prove them.

BEFORE MACKEY, J., AT LANCASTER, OCTOBER TERM, 1875.

This was an action by Charles F. Hinson against James Catoe, on a promissory note, which was tried at the October Term, 1875, when a verdict was rendered for the defendant. The plaintiff then made a motion on the minutes of the Court for a new trial. This motion was not heard until August, 1877, when a special term of the Court was held, when it was heard upon an affidavit by the plaintiff, dated 17th August, 1877, which stated:

"That in the trial of the above case for the recovery of said note the defendant was allowed credits as discounts—one for ten dollars and another for seventy-five dollars—for which said amounts the plaintiff had given the defendant credit upon a note against him, sued on by the plaintiff, before B. R. Clyburn, Trial Justice, upon which judgment was obtained, execution issued, and the balance thereof collected.

"That at the time of the trial of the said cause the plaintiff could not avail himself of this testimony, for the record of the

Trial Justice's case of the plaintiff, Charles F. Hinson, against the defendant, James Catoe, tried before the said B. R. Clyburn, the said Trial Justice, which contained the last mentioned note upon which the said credits of ten and seventy-five dollars were given, the same being in the possession of the said Trial Justice, was then lost; and, though every search was made for the said record and note contained therein, the same could not at that time be found.

"That the plaintiff offered proof otherwise of said credits; but upon objection being made by the defendant that the said record and note offered the best testimony as to whether the said credits had been made, and that it ought to be produced, the Court properly sustained the objection and ruled out the secondary proof.

"That since the trial of the said action in this Court the testimony of the said credits has been discovered as having been made on the said note, by the finding of the said lost record with the note contained therein, and which is now in Court for its inspection, and proof of said credits of ten dollars and seventy-five dollars having been made by plaintiff upon the notes sued on before said Trial Justice, which were again claimed and allowed by the defendant as credits upon the notes sued on this action.

"That deponent herewith submits that substantial justice has not been rendered him by the verdict of the jury in the said case, for and in that the defendant did recover judgment for a balance against the plaintiff by reason of there having been allowed to him by the said jury the credits given by the plaintiff on the other note herein mentioned, which, in addition to proper credits made on said note sued on in this Court by plaintiff, showed a balance in favor of defendant, and which balance claimed by him as a counter claim resulted in a verdict against plaintiff for the amount thereof, but which verdict would have been in favor of plaintiff if the said credits of ten and seventy-five dollars had been disallowed."

His Honor Judge Mackey made the following order granting a new trial:

"The jury having rendered a verdict in the above stated case at the October Term of the Court of Common Pleas for 1875, Lancaster County, in favor of defendant, and a motion for a new trial having been made at said term, the hearing of which motion was continued from term to term until a special term of this Court ordered by His Honor T. J. Mackey, the Judge of the Sixth Circuit,

to commence on the 14th day of August, instant, at which said term the motion for a new trial was heard, after the argument of counsel, and it appearing that newly-discovered evidence in favor of the plaintiff since the said trial of the cause had been found, on motion of W. L. DePass, counsel for the plaintiff, it is ordered that the verdict of the jury in the above stated cause, rendered in behalf of the defendant at the October Term, 1875, be set aside and a new trial be granted."

The defendant appealed on the following grounds:

1. Because the affidavit of the plaintiff upon which the application for the order was heard disclosed no cause sufficient in law to entitle him to a new trial.

2. Because the motion for a new trial was not heard and determined until after the expiration of the term at which the cause was tried.

3. Because the order was granted upon an affidavit, of which no copy had been previously served upon the defendant.

*Moore,* for appellant.

*DePass,* contra.

November 22, 1878. The opinion of the Court was delivered by

HASKELL, A. J. The order appealed from cannot come under the provisions of the Act of 1869, (Rev. Stat., p. 497,) for no judgment has been entered. Section 289 of the Code, Revised Statutes, p. 636, requires that a motion for a new trial, except *where* it is based upon a case *and* "exceptions," shall "be heard and decided at the same term." By the context it is made apparent that the "same term" means the term at which the trial was had.

The motion in this instance was made at the same term on the *minutes,* but was heard and decided after the lapse of nearly two years, during which time, of course, several terms had occurred. The affidavit to support the motion bears date nearly two years after the trial and is of the date of the term at which the motion was heard and decided. To hear and decide at such term a motion made merely upon the minutes made by the Judge at the trial was clearly wrong. Moreover, the affidavit shows conclusively that the evidence therein set up was not "newly-discovered," as stated in the

Judge's order, but had been in the knowledge of the respondent at the time of the trial, and was then offered, but objection was made that the mode of proof by which he sought to introduce the evidence was secondary. The objection was sustained by the Court, and no appeal was taken. It is useless for the respondent to say that the papers which constituted the best evidence had been lost and now are found. On proof of the loss in the manner prescribed by the rules of evidence the secondary proof would have been admissible. The respondent admits that at the time of the trial he was acquainted with the facts which he sets up now as ground for new trial, but that he had failed in his efforts to prove them, by a mistaken view, on his part, of the law of evidence. That is no ground for a new trial.

The order granting a new trial is reversed.

Motion granted.

*Willard*, C. J., and *McIver*, A. J., concurred.

---

HEARD APRIL TERM, 1878.